# IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT
## STATE OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | )   Cause No. |
| | ) |
| DADO'S CAFÉ, INC., | ) |
| | ) |
| and | ) |
| | ) |
| NICK AVOURIS, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| ANNA MCNAMARA, | ) |
| | ) |
| and | ) |
| | ) |
| AIMEE DUVALL, | ) |
| | ) |
| and | ) |
| | ) |
| ELISHA VELIS, | ) |
| | ) |
| Necessary Parties. | ) |

Serve:

    Dado's Café, Inc.
    Konstantine G. Botonis
    Registered Agent
    3228 Ridgetop View Drive
    St. Louis, MO 63129

    Nick Avouris
    5425 Hampton Ave.
    St. Louis, MO 63109

    HOLD FOR SERVICE
    Anna McNamara, Aimee Duvall,
    and Elisha Velis

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, State Farm Fire and Casualty Company, by and through the undersigned counsel, and petitions this Court for a declaratory judgment, and in support of which states:

### VENUE AND JURISDICTION

1. This is an action seeking declaratory relief, brought pursuant to 28 U.S.C. § 2201 *et seq*.

2. The United States District Court has jurisdiction in this matter pursuant to 21 U.S.C. § 1332. The allegations of Plaintiffs in the underlying actions against the Defendants herein each requests actual, special, and punitive damages, together with their request for attorney's fees and costs. There are no limitations on recovery for the claims made in each underlying action that would limit recovery on claims made in those actions to an amount not in excess of $75,000.00, and each underlying action can be expected to yield an amount that exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. Moreover, this action is one for declaratory judgment under a liability insurance policy with policy limits of $1,000,000.00 and with further obligations for defense of covered claims. Thus, the amount in controversy exceeds the amount of $75,000.00 both for each underlying claim individually and as an aggregate amount in dispute between State Farm and the Defendants on the claims under the policy collectively.

3. Plaintiff State Farm Fire and Casualty Company ("State Farm") is a citizen and resident of Illinois in that it is, and at all times material to this lawsuit was, an insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois.

4. Defendant Dado's Café, Inc. is a citizen and resident of Missouri in that it is, and at all times material to this lawsuit was, a corporation incorporated in Missouri and with a principal place of business located in St. Louis, Missouri.

5. Anna McNamara ("McNamara") is a resident, domiciliary, and citizen of the State of Missouri and has filed a lawsuit against Dado's Café, Inc. and Nick Avouris in the Circuit Court of the City of St. Louis, Missouri under the cause number 1722-CC11658. A copy of McNamara's Petition is attached as "Exhibit 1."

6. Aimee Duvall ("Duvall") is a resident, domiciliary, and citizen of the State of Missouri and has filed a lawsuit against Dado's Café, Inc. and Nick Avouris in the Circuit Court of the City of St. Louis, Missouri under the cause number 1722-CC11592. A copy of Duvall's Petition is attached as "Exhibit 2."

7. Elisha Velis ("Velis") is a resident, domiciliary, and citizen of the State of Missouri and has filed a lawsuit against Dado's Café, Inc. and Nick Avouris in the Circuit Court of the City of St. Louis, Missouri under the cause number 1722-CC11594. A copy of Velis' Petition is attached as "Exhibit 3."

8. Nick Avouris ("Avouris") is a resident, domiciliary, and citizen of the State of Missouri and a tortfeasor in the lawsuits described above. Mr. Avouris, as an employee of Dado's Café, is or may seek coverage under the relevant insurance policy, and he is therefore a proper defendant and/or indispensable party to this action under FRCP 19.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because all Defendants are Missouri residents and domiciliaries of the Eastern District of Missouri and because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Missouri.

## GENERAL ALLEGATIONS

10. Plaintiff issued to Defendant Dado's Café, Inc. a restaurant liability policy, which is a Form CMP-4100 modified by endorsements, numbered 95-CD-L398-6, possessing a policy period of July 8, 2016 through July 8, 2017 – which encompasses the events in question – and with liability limits of $1,000,000.00. The Policy was issued in Missouri to cover a location in Missouri. A certified copy of the restaurant policy is attached hereto as "Exhibit 4."

11. In their Petitions, McNamara, Duvall, and Velis allege, generally, that they were employees of Dado's Café and that they each were subject to a variety of forms of sexual harassment and offensive touching due to their gender while on the job both from Nick Avouris and from other employees, that they each complained to their supervisors and/or management who did nothing, and that they were each discriminated against and retaliated against and were ultimately terminated all due to their gender. *See generally* Exhibits 1, 2, and 3.

12. In their Petitions, McNamara, Duvall, and Velis each allege that they filed charges with the Missouri Commission on Human Rights, that they were each granted a Notice of Right to Sue, and that they now bring civil actions against Defendants for Defendants' violations of the Missouri Human Rights Act arising from sex discrimination and retaliation.

13. All three allege that by reason of Defendants' violation of the Missouri Human Rights Act, they have each suffered actual damages from lost wages and benefits they would have been paid as well as emotional distress.

14. All three allege that Defendants' actions were outrageous because of Defendants' evil motive or reckless indifference to their rights and that therefore they are entitled to punitive damages. They also seek attorneys' fees and costs.

15. Following service of the Petitions of McNamara, Duvall, and Velis, State Farm issued a reservation of rights letter to Dado's Café, Inc. regarding its demand for defense and indemnity under the State Farm policy, creating an actual controversy that is ripe for determination within the meaning of 28 U.S.C. § 2201, and this Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action, in which State Farm will be subject to substantial peril and expense absent such determination.

16. Declaratory relief is proper to resolve the controversy between these parties as to their respective rights, status, and other legal and equitable relations in, to, and with reference to the restaurant policy issued to Defendant Dado's Café, Inc. and the demand by Dado's Café that State Farm defend and indemnify it under that policy with regard to the Petitions filed by McNamara, Duvall, and Velis.

## COUNT I – DECLARATORY JUDGMENT: RESTAURANT POLICY

17. State Farm alleges and incorporates the previous allegations as if more fully set forth herein.

18. The restaurant policy includes Coverage L – Business Liability in Section II of the policy, which provides coverage for certain legal liabilities of an insured as more fully set forth in the policy, Exhibit 4. In relevant part, that policy states as follows:

### SECTION II – LIABILITY

**Coverage L – Business Liability**

1. When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this

insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. …

2. This insurance applies:

   a. To "bodily injury" and "property damage" only if:
      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
      **(3)** Prior to the policy period, no insured listed under Paragraph **1.a.** of **SECTION II – WHO IS AN INSURED** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.
   b. To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\*         \*         \*

19. The restaurant policy includes the following policy definitions, as modified by all applicable endorsements:

**BUSINESSOWNERS COVERAGE FORM CMP-4100**

**SECTION II – DEFINITIONS**

1. …
3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".
5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.
17. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
18. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;

    **b.**  Malicious prosecution;
    **c.**  The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    **d.**  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    **e.**  Oral or written publication, in any manner, of material that violates a person's right of privacy;
    **f.**  The use of another's advertising idea in your "advertisement"; or
    **g.**  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**21.** "Property Damage" means:
    a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b.  Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

20. The restaurant policy further defines who is an insured under the policy in

SECTION II – WHO IS AN INSURED:

### SECTION II – WHO IS AN INSURED

**1.** Except for liability arising out of the use of "non-owned autos":
    **a.**  If you are designated in the Declarations as:
        **(4)**  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
    **b.**  Each of the following is also an insured:
        **(1)**  Your "volunteer workers" only while performing duties related to the conduct of your business, or you "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your "managers" (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
            **(a)**  "Bodily injury" or "personal and advertising injury":
                **i.**  To you, to your partners or members (if you are a partnership or joint venture), to your "members" (if you

are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business[.]

21. The Declarations page of the restaurant policy lists Dado's Café as the named insured. Dado's Café is designated in the declarations as a "Corporation." Because Dado's Café is an organization other than a partnership, joint venture, or limited liability company, it is an insured.

22. Nick Avouris is not a named insured under the policy. According to Dado's Café's August 29, 2016 corporate registration report, Nick Avouris is also not an officer or director of Dado's Café. Therefore, Nick Avouris is not an insured under SECTION II – WHO IS AN INSURED section 1.a.(4).

23. Furthermore and in the alternative, even if Mr. Avouris were an officer or director of Dado's Café, which State Farm denies, the sexual misconduct, discrimination, retaliation, and termination would not be "with respect to" his duties as a Dado's Café officer or director within the meaning of SECTION II – WHO IS AN INSURED section 1.a.(4).

24. Nick Avouris is also not an insured by definition under SECTION II – WHO IS AN INSURED section 1.b.(1) because the sexual misconduct, discrimination, retaliation, and termination at issue were not "acts within the scope of [his] employment by [Dado's Café] or while performing duties related to the conduct of [Dado's Café's] business."

25. Furthermore and in the alternative, even if such conduct were within the scope of his employment or if Mr. Avouris were considered "performing duties related to the conduct of your business" when engaging in such conduct, the exception to the definition will apply as contained in SECTION II – WHO IS AN INSURED section 1.b.(1).(a).i because, as stated in the

policy, no employee qualifying as an insured on that basis is an insured for bodily injury or personal and advertising injury "to a co-'employee' while in the course of his or her employment or performing duties related to the conduct of your business[.]" Since Ms. Duvall, Ms. Velis, and Ms. McNamara were all co-employees while in the course and scope of their employment or performing duties for Dado's Café at the time of Mr. Avouris' actions, Mr. Avouris is not an insured under SECTION II – WHO IS AN INSURED section 1.b.(1).

26. Therefore, Nick Avouris does not satisfy any of the bases for being an insured under the policy and State Farm does not owe him any duty of defense or indemnity.

27. In the alternative, even if Nick Avouris is somehow an insured, all of the following reasons that the insuring agreement is not satisfied and for the application of exclusions apply with equal force both to Dado's Café and to Nick Avouris, individually.

28. The claims for punitive damages in the three Petitions do not constitute "bodily injury," "property damage," or "personal and advertising injury" as these terms are defined by the restaurant policy, and therefore there is no coverage under this policy for any punitive damages sought. In addition, Missouri courts have held that insuring punitive damages would violate Missouri public policy and, therefore, any attempt to do so would be void. *See, e.g.*, *Union L.P. Gas Sys., Inc. v. Int'l Surplus Lines Ins. Co.*, 869 F.2d 1109 (8th Cir. 1989); *see also Crull v. Gleb*, 382 S.W.2d 17 (Mo. App. E.D. 1964). Moreover, Missouri courts have also held that punitive damages are not "damages" at all, within the meaning of the policy. *See Schnuck Markets, Inc. v. Transamerica, Ins. Co.*, 652 S.W.2d 206, 209 (Mo. App. E.D. 1983).

29. Further, the above definition of an "occurrence" precludes coverage for the claims in the three Petitions because all claims rest on allegations of intentional, deliberate, and non-consensual sexual harassment, offensive and indecent touching, and intentional discrimination,

retaliation, and employment termination as a matter of law. None of this conduct is an "accident" in that none of this conduct took place without the Defendants' foresight or expectation, none of the conduct or the damages which resulted were undersigned, sudden, or unexpected. Moreover, the natural and probable consequences of this type of conduct would include bodily injury and/or emotional distress, and therefore intent or expectation of injury can be inferred as a matter of law. Therefore, because there has been no "accident," there has correspondingly been no "occurrence" as defined by the policy. Because there has been no "occurrence," the insuring agreement of Coverage L is not satisfied and the restaurant policy affords neither Dado's Café nor Nick Avouris with coverage for the claims contained in the Petitions of McNamara, Duvall, and Velis.

30. Additionally, none of the three Petitions allege "bodily injury" as defined by the policy because none allege bodily injury, sickness, or disease. The policy makes clear that "'Bodily injury' includes mental anguish or other mental injury *caused by the 'bodily injury'*." (emphasis added). Because no bodily injury has been alleged, McNamara, Duvall, and Velis' claims of damages for emotional distress, mental anguish, or other mental injury cannot have been caused by a bodily injury and are therefore such claims are not for "bodily injury" as defined by the policy.

31. The Petitions also do not contain any allegations of "property damage" or "personal and advertising injury" as defined by the policy because they do not allege physical injury to tangible property, any form of loss of use of property, or any of the delineated offenses contained in the definition of personal and advertising injury.

32. Thus, because the Petitions do not allege bodily injury, property damage, or personal and advertising injury as required for the satisfaction of the insuring agreement of

Coverage L, there is no coverage afforded for these claims under the restaurant policy. Therefore, State Farm does not owe a duty to defend or indemnify Dado's Café or Nick Avouris in these actions.

33. Furthermore and in the alternative, even if the insuring agreement were somehow satisfied, the restaurant policy contains a number of exclusions that preclude coverage under Coverage L for the claims being asserted in the Petitions:

### Section II – Exclusions

Applicable to **Coverage L – Business Liability**, this insurance does not apply to:

1. **Expected Or Intended Injury**
    a. "Bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; or
    b. "Bodily injury" or "property damage" which is the result of willful and malicious, or criminal acts of the insured.
    
    …

4. **Workers' Compensation And Similar Laws**
   Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

5. **Employer's Liability**
    a. "Bodily injury" to:
        (1) An "employee" or former "employee" of the insured arising out of and in the course of:
            (a) Employment by the insured; or
            (b) Performing duties related to the conduct of the insured's business; or
        (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
    b. This exclusion applies:
        (1) Whether the insured may be liable as an employer or in any other capacity; and
        (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
        
        This exclusion does not apply to liability assumed by the insured under an "insured contract".

6. **Employment-Related Practices**
    a. "Bodily injury" or "personal and advertising injury" to:
        (1) A person arising out of any:
            (a) Refusal to employ that person;

      **(b)** Termination of that person's employment; or
      **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, malicious prosecution, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
    **(2)** The spouse, child, parent, brother or sister of that person as a consequence of Paragraph **(1)** above.
  **b.** This exclusion applies:
    **(1)** Whether the insured may be liable as an employer or in any other capacity;
    **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; or
    **(3)** Whether the injury causing event described in Paragraph **a.(1)** above occurs before employment, during employment or after employment of that person.

* * *

34. In Exclusion #1, the policy excludes coverage for bodily injuries and property damage "expected or intended to cause harm as would be expected by a reasonable person[.]" All claims in the Petitions include allegations of intentional, deliberate, and non-consensual sexual harassment, offensive and indecent touching, and intentional discrimination, retaliation, and employment termination. Moreover, a reasonable person would expect or intend this conduct and the termination to lead to some harm. As such, even if the insuring agreement is somehow satisfied, the expected or intended injury exclusion applies to preclude coverage for the claims made by McNamara, Duvall, and Velis.

35. In the alternative, all claims in the Petitions include allegations of intentional, deliberate, and non-consensual sexual harassment, offensive and indecent touching, and intentional employment termination. To the extent that any bodily injury or property damage is alleged, it is the result of willful and malicious acts of the insured.

36. To the extent that the Petitions claim anything constituting "bodily injury" while on the job, due to the sexual harassment or misconduct, or resulting from the terminations, which State Farm again denies, such injuries are compensable under Missouri worker's compensation

law and are therefore excluded under Exclusion #4 for obligations of the insured arising under worker's compensation, disability benefits, or unemployment compensation law.

37. To the extent that the Petitions claim anything constituting "bodily injury" while on the job, due to the sexual harassment or misconduct, or resulting from the terminations, which State Farm again denies, coverage for such injury is excluded under the Employer's Liability exclusion #5 because it would be bodily injury to an employee or former employee of Dado's Café arising out of and in the course of employment by Dado's Café or while performing duties related to the conduct of Dado's Café's business.

38. To the extent that the Petitions claim anything constituting "bodily injury" while on the job, due to the sexual harassment or misconduct, or resulting from the terminations, which State Farm again denies, coverage for such injury is also excluded by the Employment Related Practices exclusion #6 because such injury would have occurred to a person arising out of any termination of that person's employment (with respect to the terminations) or arising out of Dado's Café's employment-related practices, policies, acts, or omissions, such as coercion, discipline, harassment, humiliation, or discrimination directed to at McNamara, Duvall, and Velis (with respect to the sexual harassment and misconduct).

WHEREFORE, Plaintiff State Farm Fire and Casualty Company prays that the Court enter Judgment as follows:

A. Declaring that the aforementioned policy does not apply to any and all claims made by Anna McNamara (cause # 1722-CC11658), Aimee Duvall (cause # 1722-CC11592), or Elisha Velis (cause # 1722-CC11594) against Dado's Café, Inc. and Nick Avouris.

B. Declaring that under the terms of the policy, there is no liability coverage afforded by State Farm Fire and Casualty Company for either Dado's Café or Nick Avouris for the claims

made by Anna McNamara, Aimee Duvall, or Elisha Velis against Dado's Café, Inc. and Nick Avouris in their Petitions filed under the aforementioned cause numbers.

C. Declaring that under the terms of the policy, State Farm Fire and Casualty Company has no duty to defend Dado's Café, Inc. or Nick Avouris against the claims made by Anna McNamara, Aimee Duvall, or Elisha Velis against Dado's Café, Inc. and Nick Avouris in their Petitions filed under the aforementioned cause numbers.

D. Declaring that under the terms of the policy, State Farm Fire and Casualty Company has no duty to indemnify Dado's Café, Inc. or Nick Avouris for any liability incurred as a result of the claims made by Anna McNamara, Aimee Duvall, or Elisha Velis against Dado's Café, Inc. and Nick Avouris in their Petitions filed under the aforementioned cause numbers.

E. Declaring the relevant rights and legal obligations of the all parties hereto arising under the aforementioned insurance policy.

F. Awarding State Farm Fire and Casualty Company such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted,

**RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, L.L.C.**

BY: */s/ Daniel E. Schnurbusch*
  John P. Kemppainen    #42461
  Daniel E. Schnurbusch    #69331
  *Attorneys for Plaintiff*
  500 N. Broadway, Suite 1550
  St. Louis, MO 63102
  (314) 421-4430
  (314) 421-4431/fax
  E-Mail: jkemppainen@rssclaw.com
      dschnurbusch@rssclaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby states that the foregoing was filed via the Court's electronic filing system on July 5, 2018. The undersigned further states that George O. Suggs, Attorney for Plaintiffs in the underlying cases, Anna McNamara, Aimee Duvall, and Elisha Velis has agreed to accept service of the Petition on behalf of his clients. A copy of the Petition and accompanying documents have been served via First Class U.S. Mail, postage prepaid, on George O. Suggs at 1211 Locust, Second Floor, St. Louis, MO  63103-2364

                                             */s/ Daniel E. Schnurbusch*