UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | ) No. 4:18-CV-1095 RLW |
| v. | ) |
| DADO'S CAFÉ, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On March 12, 2019, Plaintiff State Farm filed its Motion for Summary Judgment (ECF No. 32), Statement of Material Facts (ECF No. 33), and Memorandum in Support of Summary Judgment (ECF No. 34). On April 10, 2019, Necessary Party Defendants McNamara, Velis and DuVall filed their response to Plaintiff's Motion for Summary Judgment (ECF No. 35). Also on April 10, 2019, Dado's Café and Avouris filed their Response to State Farm Fire and Casualty Company's Motion to [sic] for Summary Judgment (ECF No. 36).

Eastern District of Missouri Local Rule 4.01(E) provides the requirements for a response to a Motion for Summary Judgment:

> Every memorandum in opposition shall include a statement of material facts as to which the parties contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Similarly, Fed. R. Civ. P. 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Here, Defendants have failed to comply with E.D. Mo. L.R. 4.01(E) and Fed. R. Civ. P. 56(c). Defendants only responded to State Farm's Motion for Summary Judgment (ECF No. 36). Defendants failed to respond to the Statement of Material Facts and did not cite to the record in support of their position. The Court will afford Defendants an additional fourteen (14) days to properly respond to Plaintiff's Motion for Summary Judgment, Statement of Uncontroverted Material Facts, and Memorandum in Support of Summary Judgment. If Defendants fail to properly respond to Plaintiff's Motion for Summary Judgment, Statement of Uncontroverted Material Facts, and Memorandum in Support of Summary Judgment, the Court will deem all of Plaintiff's facts as admitted because they have not been properly controverted and rule on Plaintiff's Motion for Summary Judgment. *See* E.D. Mo. L.R. 4.01(E).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file a proper response to State Farm Fire and Casualty Company's Motion for Summary Judgment (ECF No. 32), State Farm Fire and Casualty Company's Statement of Uncontroverted Material Facts in Support of its Motion for

Summary Judgment (ECF No. 33), and Memorandum in Support of Summary Judgment (ECF No. 34) no later than **June 11, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff shall file any reply memorandum no later than **June 25, 2019**.

**IT IS FURTHER ORDERED** that that the non-jury trial, currently set for June 17, 2019, is **VACATED**. The Court will re-set the non-jury trial date after ruling on Plaintiff's Motion for Summary Judgment, if necessary.

Dated this 28th day of May, 2019.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**