UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Plaintiff, | ) No. 4:18-CV-1095 RLW ) |
| v. | ) ) ) |
| DADO'S CAFÉ, INC., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the court on State Farm Fire and Casualty Company's Motion for Summary Judgment (ECF No. 32). This matter is fully briefed and ready for disposition.[1]

# BACKGROUND

Dado's Café, Inc. ("Dado's Café") is a Greek restaurant and bar in St. Louis, Missouri. (State Farm Fire and Casualty Company's Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment ("PSUMF"), ECF No. 33, ¶1). Three former female employees of Dado's Café have filed suit against Dado's Café and Nick Avouris (referred

---

[1] Initially, Dado's Cafe and Avouris filed a Response to State Farm's Motion for Summary Judgment ("Response"; ECF No. 36). However, Defendants' Response simply admitted and denied the paragraphs of State Farm's Motion for Summary Judgment. (ECF No. 44). Defendants only cited one California state case in paragraph 4 of their Response and did not cite to any evidence in the record. *Id.* Defendants did not file any response to State Farm's Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment (ECF No. 33). Because their response did not comply with E.D. Mo. L.R. 4.01(E), the Court ordered Defendants to file a proper response to State Farm's Motion for Summary Judgment, Statement of Uncontroverted Material Facts, and Memorandum in Support. *See* ECF No. 40. Thereafter, Defendants filed their Response to Plaintiff's Statement of Uncontroverted Material Facts (ECF No. 41) and Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 35).

to herein as "Defendants")[2] in Missouri State Court: Anna McNamara (Cause No. 1722-CC11658), Elisha Velis (1722-CC11594), and Aimee Duvall (1722-CC11592) (collectively, the "Underlying Plaintiffs"). (PSUMF, ¶2).

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed this declaratory judgment complaint in this Court related to the underlying lawsuits for sex discrimination and retaliation under the Missouri Human Rights Act (hereinafter "Underlying Lawsuits") filed by the Underlying Plaintiffs against Dado's Café and Avouris.

The Underlying Lawsuits allege certain acts of sexual harassment, sexual assault, sex discrimination, and wrongful termination directed toward the Underlying Plaintiffs by Avouris and Dado's Café's cook staff. Specifically, the cook staff would call each of the Underlying Plaintiffs "bitch" and "sexy," and would make other sexual comments towards the women. The cook staff would rub their genitalia against the Underlying Plaintiffs' backsides. Avouris personally made offensive sexual comments and advances and refused to stop after being asked to by the Underlying Plaintiffs. The Underlying Plaintiffs allege that Avouris retaliated against them by removing them from the schedule and/or terminating them after they complained about the unwelcome sexual comments and behavior. The Underlying Plaintiffs assert that they believed the offensive conduct was intentionally committed because they all complained, and the conduct did not cease. (PSUMF, ¶8).

Under Dado Café's Policy with State Farm, the liability limited insuring agreement is as follows:

---

[2] State Farm also named the Underlying Plaintiffs (McNamara, Duvall, and Velis) as Defendants in this action to ensure that their rights were represented. *See* Complaint for Declaratory Judgment (ECF No. 1). The Underlying Plaintiffs answered the Complaint. *See* ECF No. 11. However, the Underlying Plaintiffs did not file any response to State Farm's Motion for Summary Judgment. As a result, the Court refers to Dado's Café and Avouris as "Defendants" for purposes of State Farm's Motion for Summary Judgment.

Section II—LIABILITY

Coverage L—Business Liability

1. When a Limit of Insurance is shown in the Declarations for Coverage L—Business Liability, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. ...
2. This insurance applies:
   a. To "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) ...
      (4) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

State Farm seeks a declaration that the Policy does not apply to any and all claims made by the Underlying Defendants against Dado's Café and Nick Avouris. Specifically, State Farm asks this Court to declare that State Farm's Policy provides no liability coverage, no duty to defend, and no duty to indemnify Defendants against the allegations in the Underlying Lawsuits.

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

**A. Standard of Review**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

### B. Procedural Improprieties

Fed. R. Civ. P. 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Defendants' Response to Plaintiff's Statement of Uncontroverted Material Facts (ECF No. 41), however, does not satisfy Fed. R. Civ. P. 56(c)(1). Defendants do not support any of their denials of State Farm's Statement of Facts with any material from the record. At most, Defendants make a legal argument, which fails to controvert State Farm's statements of fact. *See* ECF No. 41 at 3 (citing *David Kleis, Inc. v. Superior Court*, 37 Cal. App. 4th 1035, 1038, 44 Cal. Rptr. 2d 181 (1995)). The Court finds that State Farm's Statement of Uncontroverted Material Facts have been deemed admitted by Defendants because they were not properly controverted by Defendants. *See Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (district court properly deemed facts admitted that were not properly controverted); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may (2) consider the fact undisputed for purposes of the motion").

### C. Discussion

#### 1. <u>Nick Avouris is not an "insured" under the Policy</u>

State Farm asserts that Avouris is not an "insured" under the Policy. The Policy details the people who insureds in Section II:

**SECTION II—WHO IS AN INSURED**

1. Except for liability arising out of the use of "non-owned autos":
   a. If you are designated in the Declarations as:

(4) An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insured, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

b. Each of the following is also an insured:

(1) Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your "managers" (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(a) "Bodily injury" or "personal and advertising injury":

i. To you, your partners or members (if you are a partnership or joint venture), to your "members" (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business[.]

Dado's Café is designated in the Declarations as a corporation and it is an organization other than a partnership, joint venture, or limited liability company. Therefore, Dado's Cafe is an insured under Section 1.a.(4). However, the Court holds that Nick Avouris is not an insured under the policy. Avouris is not named in the Declarations. Moreover, in Dado Café's 2018-2019 Biennial Registration with the Missouri Secretary of State, only one person, not Nick Avouris, is listed as an officer, board member, and registered agent. Avouris admits that he is not an officer or director of Dado's Café. Therefore, Avouris cannot qualify as an insured and is not entitled to coverage under the Policy.

## 2. **Punitive Damages are not Covered Under the Policy**

It is well-settled "[u]nder Missouri law, an insurance policy which covers bodily injury and property damage does not cover punitive damages unless other language in the policy provides for payment of punitive damages." *Union L.P. Gas Sys., Inc. v. Int'l Surplus Lines Ins. Co.*, 869 F.2d 1109, 1111 (8th Cir. 1989); *Schnuck Markets, Inc. v. Transamerica Ins. Co.*, 652 S.W.2d

206, 209–10 (Mo. Ct. App. 1983) ("Since punitive damages are never awarded merely because of a 'bodily injury' or 'personal injury' but only when the actor's conduct displays the requisite malice, we find they are not in the category of damages for 'bodily injury' or 'personal injury'."); *Crull v. Gleb,* 382 S.W.2d 17, 23 (Mo. Ct. App. 1964). Here, the Underlying Plaintiffs have admitted the punitive damages are not covered by the Policy. *See* PSUMF, ¶21. And, the Policy does not explicitly state that it covers punitive damages. Therefore, the Court holds that State Farm is entitled to summary judgment in its favor on the claim for punitive damages.

### 3. "Bodily injury," "Property Damage," or " Personal Advertising injury"

The Underlying Plaintiffs agree that they have not suffered any "property damage" or "personal and advertising injury." *See* ECF No. 11, ¶31. Therefore, the only possible basis for a claim under the Policy is for "bodily injury." The Policy defines "bodily injury":

> bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury."

Missouri courts have concluded that the common meaning of the phrase "bodily injury" "refers to physical conditions of the body and excludes mental suffering or emotional distress." *Citizens Ins. Co. of Am. v. Leiendecker,* 962 S.W.2d 446, 454 (Mo. Ct. App. 1998) (citing cases); *American Family Mut. Ins. Co. v. Wagner,* No. 05-4394-CVC-NKL, 2007 WL 1029004, at *3 (W.D. Mo. Mar. 29, 2007) ("emotional injuries are not considered bodily injuries within the meaning of the policy unless they arise from bodily injuries; i.e., unless the emotional distress was caused by some physical injury"). The Policy refines the definition of the term "bodily injury" to specifically include "mental anguish or other mental injury" only if it is caused by the "bodily injury." "From this definition, a reasonable person placed in the position of the insured

would have understood the term "bodily injury" to exclude coverage for any and all emotion type injuries, including any physical symptoms that might be cause by or tied to the emotional injury, unless the emotional injury was caused by actual physical bodily contact." *Heacker v. Am. Family Mut. Ins. Co.*, No. 09-4270-CV-W-GAF, 2011 WL 124301, at *8 (W.D. Mo. Jan. 14, 2011), *aff'd sub nom. Heacker v. Safeco Ins. Co. of Am.*, 676 F.3d 724 (8th Cir. 2012).

Defendants argue in their response that the Underlying Plaintiffs allege that they were subjected to "unwelcome physical contact" and "where the claimant alleges sexual harassment involving physical contact, 'bodily injury' may be involved." (ECF No. 45 at 1-2). The Underlying Plaintiffs, however, admit that they have not suffered any tangible, physical injury. (PSUMF, ¶16). The Court holds that the Underlying Plaintiffs have not suffered "bodily injury" under the Policy because the Policy's definition of "bodily injury" does not extend to emotional or mental injuries that were not cause by a physical injury. Therefore, Defendants cannot be covered under the Policy and they are not entitled to defense and indemnity. The Court enters judgment in favor of State Farm.

### 4. **Offending conduct is not an "accident" and does not constitute an "occurrence" that triggers coverage under the Policy**

Even if a bodily injury is alleged, the bodily injury still must have been caused by an "occurrence" as defined by the Policy in order to satisfy the insuring agreement of the Policy. (ECF No. 34 at 21). The Policy defines an "occurrence" to mean an "accident." An accident is defined as "an unforeseen and unplanned event or circumstance." *See* https://www.merriam-webster.com/dictionary/accident (last visited October 17, 2019). The Court holds that the alleged conduct at issue in the Underlying Lawsuit cannot classify as an "accident," or therefore an "occurrence" under the Policy. The allegations of sexual harassment, assault, discrimination, termination, and other intentional work conduct cannot be described as "unforeseen and

unplanned." None of the alleged actions were caused by the negligence of Defendants. In fact, the Underlying Plaintiffs allege that they complained of the conduct and were ignored, which supports the finding that Defendants' actions were not accidental but intentional. Because Defendants cannot provide evidence to satisfy their burden of proving that the insuring agreement is satisfied by an "occurrence", the Court holds State Farm is entitled to entry of summary judgment.

## 5. Exclusions

State Farm asserts that, even if insuring agreement were satisfied, the following exclusions would apply: (1) the injuries are excluded from coverage because the injuries would be expected or intended by a reasonable person; (2) because the Underlying Plaintiffs' injuries would be covered by Worker's Compensation, the Worker's Compensation exclusion applies; (3) the Employer's Liability exclusion bars injuries sustained by the Underlying Plaintiffs; and (4) the Employment-Related Practices exclusion would similarly apply. Defendants have not addressed these arguments in their response.

The Policy's expected or intended injury exclusion reads as follows:

**Section II—Exclusions**

Applicable to Coverage L—Business Liability, this insurance does not apply to:
1. Expected or Intended Injury
    a. "bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; ...

Applying this exclusion to the present case, the Underlying Plaintiffs' Petitions allege repeated, uninvited and unwelcome sexual advances, inappropriate physical contact, humiliating and offensive comments and photographs by Avouris and his male staff. (ECF No. 34 at 17 (citing the Underlying Petitions and the Underlying Plaintiffs' Answers to Interrogatories, Responses, #17 and 18). The Court holds that a reasonable person engaging in this sort of abusive and

deleterious behavior would expect his behavior to harm his victim, including causing emotional distress. (ECF No. 34 at 18). In addition, Avouris and Dado Café's staff continued to harass the Underlying Plaintiffs even after they asked Avouris and Dado Café's staff to stop. (PSUMF, ¶8). These continued harassing behaviors provide evidence to support Avouris and Dado Café's staff's actions were intentional and not merely negligent. *State Farm Fire & Cas. Co. v. Caley*, 936 S.W.2d 250, 254 (Mo. Ct. App. 1997) ("we find that the conduct which caused the emotional distress was intentional, not negligent" and therefore, "he is held to have intended the natural and probable consequences of his acts"). The Court infers the intent to harm from the nature of the conduct and Defendants' continued actions, even after the Underlying Plaintiffs' protestations. The Court finds that a "reasonable person" would expect or intend any injuries Underlying Plaintiffs may have suffered. Thus, the Court holds that the Policy's expected or intended injury exclusion applies and grants State Farm's Motion for Summary Judgment.

State Farm's general liability Policy distinguishes itself from a Worker's Compensation policy through the exclusion for "any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." Missouri's Worker's Compensation Law, Section 287.120.9 explains "[a] mental injury is not considered to arise out of and in the course of the employment if it resulted from any disciplinary action, work evaluation, job transfer, layoff, demotion, termination or any similar action taken in good faith by the employer." Here, the Underlying Plaintiffs allege that their termination and other employment actions were wrongful and discriminatory. The wrongful or discriminatory termination cannot have been taken "in good faith". Therefore, this injury could be compensable under the Worker's Compensation Act and are excluded from coverage under the general

liability policy. This provides another basis for granting State Farm's Motion for Summary Judgment.

Additionally, the Court grants summary judgment in favor of State Farm because the Employer's Liability exception applies. The Employer's Liability exclusion in State Farm's restaurant policy states:

### Section II—Exclusions

Applicable to Coverage L—Business Liability, this insurance does not apply to:

5. Employer's Liability
   a. "Bodily injury: to:
      (1) An "employee" of or former "employer" of the insured arising out of and in the course of:
      (a) Employment by the insured; or
      (b) Performing duties related to the conduct of the insured's business; or
      (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
   b. The exclusion applies:
      (a) Whether the insured may be liable as an employer or in any other capacity; and
      (b) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

The Court finds that, to the extent that the Underling Plaintiffs allege that any "bodily injury" may have occurred, then it arose out of or in the course of the employee's employment by the insured or while performing duties related to the insured's business. Thus, the Court holds that the employer liability exclusion applies, and no coverage is available under this Policy for Defendants. *See State Farm Fire & Cas. v. One Stop Cellular, Inc.*, No. 4:05-CV-00067, 2006 WL 2583408, at *3 (W.D. Va. Sept. 6, 2006) ("Numerous other courts have found similar exclusions precluded coverage for an employee's sexual harassment claims."). Thus, even if any "bodily injury" is alleged and caused by an occurrence,' that injury is excluded under the

employer's liability exclusion because any such injury would have resulted out of the employee's employment at Dado's Café.

Finally, the Policy's Employment-Related Practices exclusion reads:

### Section II—Exclusions

Applicable to Coverage L—Business Liability, this insurance does not apply to:

6. Employment-Related Practices
a. "Bodily injury" or "personal and advertising injury" to:
   (1) A person arising out of any:
      (a) Refusal to employ that person;
      (b) Termination of that person's employment; or
      (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, malicious prosecution, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at that person; or
   (2) The spouse, child, parent, brother or sister of that person as a consequence of Paragraph (1) above.
b. This exclusion applies:
   (1) Whether the insured may be liable as an employer or in any other capacity;
   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; or
   (3) Whether the injury causing event described in Paragraph a.(1) above occurs before employment, during employment or after employment of that person.

Under this exception, if the bodily injury occurred to a person and it arose out of the termination of that person's employment or out of employment-related practices, policies, acts, or omissions (including but not limited to harassment, humiliation, or discrimination), then the employment-related practices exclusion applies, and the employee has no coverage. The Court holds that the Underlying Plaintiffs' claims of sexual harassment, hostile work environment, discrimination and wrongful termination all arise out of their employment relationship and all involved "coercion, demotion, evaluation, malicious prosecution, reassignment, discipline, defamation, harassment, humiliation, or discrimination" related to the Underlying Plaintiffs' employment. Therefore, the Court holds that the employment-related practices exclusion

applies, and Defendants are afforded no coverage under the Policy. *See Ins. Com'r v. Golden Eagle Ins. Co.*, No. A111416, 2007 WL 908519, at *5 (Cal. Ct. App. Mar. 27, 2007) ("[W]e cannot conceive of how the bookkeeper's claims do anything but 'aris[e] out of ... employment-related practices, policies, acts or omissions.' *All* of the claims alleged in the cross-complaint concern "[c]oercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation [or] discrimination" related to the bookkeeper's employment."). The Court grants State Farm's Motion for Summary Judgment on this basis as well.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that State Farm Fire and Casualty Company's Motion for Summary Judgment (ECF No. 32) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 23rd day of October, 2019.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**